IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DABREEL CHRISTIAN BOLTON, #17879**                                        **PLAINTIFF**

v.                                                        CIVIL NO. 1:21-cv-83-HSO-JCG

**JACKSON COUNTY ADC,**
**MIKE EZELL,**
**MITCHELL McMILLIAN,**
**and TYRONE NELSON**                                                       **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I.   BACKGROUND

Pro se Plaintiff Dabreel Christian Bolton ("Bolton" or "Plaintiff") initiated this civil action pursuant to 42 U.S.C. § 1983 on March 24, 2021, while he was incarcerated in the Jackson County Adult Detention Center in Pascagoula, Mississippi. *See* Compl. [1] at 2. On March 25, 2021, the Magistrate Judge entered an Order [3] advising Bolton of certain provisions of the Prison Litigation Reform Act. Order [3] at 1. The Order directed Bolton to file, within 30 days, an Acknowledgment of Receipt and Certification if he wished to continue with this lawsuit or, if not, a Notice of Voluntary Dismissal. *Id*. On the same date, the Magistrate Judge also entered an Order [4] directing Bolton

to file a completed *in forma pauperis* application or pay the required filing fee within 30 days. Order [4] at 1. Both Orders [3] [4] warned Bolton that his failure to timely comply with the requirements of the Orders may lead to the dismissal of this case. Order [3] at 2; Order [4] at 2. These Orders [3] [4] were mailed to Bolton at his last known address. Bolton did not file the required response or otherwise respond to the Orders [3] [4].

On May 19, 2021, the Magistrate Judge entered an Order to Show Cause [5] which required that, on or before June 10, 2021, Bolton: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [3] [4]; and (2) comply with the Court's previous Orders [3] [4] by (a) paying the required $402.00 fee or filing a completed *in forma pauperis* application and (b) signing and returning the Acknowledgment of Receipt and Certification or a Notice of Voluntary Dismissal. Order to Show Cause [5] at 1-2. Bolton was warned that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed without prejudice and without further notice to Plaintiff." *Id*. at 2. The envelope [6] containing the Order to Show Cause [5] was returned by the postal service stating, "Return to Sender; Attempted – Not Known; Unable to Forward." Ret'd Mail [6] at 1. The envelope [6] also had a notation reading, "NO LONGER HERE, UTF." *Id*.

Bolton did not respond to the Order to Show Cause [5], provide a change of address, or otherwise contact the Court about this case.

Since Bolton is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [3] [4].  On June 24, 2021, the Magistrate Judge entered a Second and Final Order to Show Cause [7] which required that, on or before July 9, 2021, Bolton: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [3] [4]; and (2) comply with the Court's previous Orders [3] [4] by (a) paying the required $402.00 fee or by filing a completed *in forma pauperis* application and (b) signing and returning the Acknowledgment of Receipt and Certification or a Notice of Voluntary Dismissal.  Second and Final Order to Show Cause [7] at 2.  Bolton was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this cause being dismissed without prejudice and *without* further notice to Plaintiff."  *Id*. at 2-3.  That Order [7] further stated that "[t]his is Plaintiff's final opportunity to comply with the Orders [3, 4] entered by the Court on March 25, 2021."  *Id*. at 3.  The Order [7] was mailed to Bolton at his last known address.  Bolton did not respond to the Second and Final Order to Show Cause [7] or otherwise contact the Court about his case, and Bolton has taken no action in the case since March 24, 2021.

3

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *See Link,* 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

Bolton did not comply with three Court Orders [3], [4], [7] or supply the Court with a current address after being warned four times, *see* Second and Final Order to Show Cause [7] at 2-3; Order [4] at 2; Order [3] at 2; Notice of Assignment [1-1] at 1, that failing to do so would result in the dismissal of his lawsuit.[1]  Despite these warnings, Bolton has not contacted the Court since March 24, 2021, when he filed this civil action.  Such inaction represents a clear

---

[1] The Order to Show Cause [5] entered on May 19, 2021, also contained a warning that Plaintiff's failure to advise the Court of a change of address or failure to comply with any order of the Court could result in the dismissal of this civil action.  *See* Order [5] at 2. However, that Order [5] was returned by the postal service as undeliverable, *see* Ret'd Mail [6] at 1, and was not received by Plaintiff.  The other Orders [3] [4] [7] and the Notice of Assignment [1-1] were not returned by the postal service.

4

record of delay or contumacious conduct, and it is apparent that Bolton no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 3rd day of August, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE